By the Court. Robertson, J.
—The judgment upon which this action is brought, was obtained in a court of a sister *156 State, upon due notice personally served therein upon the defendant, to defend the same. It is now proposed to enquire into the validity of it, collaterally in • this action, and to assail its foundation by establishing that the cause of action set forth in the complaint in such action-in which the judgment was obtained, was such as could not be sued upon in the courts of this State; in other words, to demur to such complaint. But, as the Constitution of the Federal C-overnment requires full faith and credit to be given in every State to judgments of each State, when jurisdiction has been obtained of the person, the objection is hardly worth noticing. The courts of this State have, it is true, jurisdiction only of causes of action recognized by its laws, but, among them, is a judgment obtained in a sister State. The right of action on a judgment needs neither promise nor consideration to create or support it.
The second objection seems to me equally frivolous. The judgment obtained by the defendant against the plaintiffs, concluded the plaintiffs on nothing except that they owed the price of goods bought; which is perfectly consistent with the defendant’s being liable for damages for misrepresenting their quality or purity. The plaintiffs were not bound to recoup, and did not, but chose to avail themselves of the right of suing for this wrong. The defendant was probably not prevented from availing himself of the recovery of the judgment by him in Wisconsin, if it had been of any avail for the purpose, in answer to the claim of the plaintiffs against him; notwithstanding the latter was sued upon after his suit was begun and before judgment had been obtained, as he could have' set it up by plea puis darrein, or supplemental answer. At all events, it is too late now, after judgment has been obtained against him. I do not see any great hardship in the defendant’s altogether losing the price of adulterated, articles sold as pure ; but that was a question disposed of by the courts of Wisconsin, with which we have nothing to do, except to enable the parties in whose favor judgment was rendered, to enforce it in this State.
*157 The judgment appealed from must be affirmed, with costs, to the respondents.
Ordered accordingly.